THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CONSUMER DATA INDUSTRY ASSOCIATION, | § § § § § § § § § § § § § § | |
| Plaintiff, | | |
| | | CIVIL ACTION NO.: 1:19-cv-00876 |
| V. | | |
| STATE OF TEXAS THROUGH KEN PAXTON, IN HIS OFFICIAL CAPACITY AS ATTORNEY GENERAL OF THE STATE OF TEXAS, | | |
| Defendant. | | |

**PLAINTIFF'S ORIGINAL VERIFIED COMPLAINT FOR DECLARATORY JUDGMENT, PRELIMINARY, AND PERMANENT INJUNCTIVE RELIEF**

COMES NOW Plaintiff, Consumer Data Industry Association ("CDIA"), and files this Original Complaint for Declaratory Judgment, Preliminary, and Permanent Injunctive Relief, regarding the statute enacted by the 86th Regular session of the Texas Legislature as S.B. 1037, captioned "Relating to Limitations on the Information Reported by Consumer Reporting Agencies" ("SB 1037"). Senate Bill 1037 was signed into law by the Governor and effective May 31, 2019. Senate Bill 1037 amends Texas Business and Commerce Code Chapter 20 "Regulation of Consumer Credit Reporting Agencies" by adding § 20.05(a)(5) to include requirements of consumer reporting agencies relating to the content of consumer reports, which law is preempted by the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 *et seq*.

1

In support of its complaint and request for injunctive relief[1], the Plaintiff CDIA would show as follows.

## I.   PARTIES

1. Plaintiff CDIA is an international trade association founded in 1906, which is organized under the laws of Missouri with its principal place of business in Washington, D.C. CDIA's membership includes the three nationwide credit reporting agencies ("CRAs"), Experian, Equifax, and Trans Union, and other CRAs that furnish information concerning Texas consumers. In its more than 100-year history, CDIA has worked with the U.S. Congress and with State legislatures to develop laws and regulations governing the collection, use, maintenance, and dissemination of consumer report information. In this role, CDIA participated in the efforts leading to the enactment of the FCRA in 1970 and every subsequent amendment to the FCRA. In this role, CDIA also represents the interests of the consumer reporting industry before every State legislature.

2. Defendant State of Texas through Attorney General Ken Paxton, acting in his official capacity, can be served by delivering service to General Paxton with a copy to Darren McCarty, Deputy Attorney General for Civil Litigation, Price Daniels, Sr. Building, 209 West 14th Street, 8th Floor, Austin, Texas 78701.

---

[1] See Exhibit A, Declaration of Eric J. Ellman.

## II.     JURISDICTION AND VENUE

3.     This action arises under the FCRA, 15 U.S.C. § 1681c[2] and 1681t(b)[3] and the Declaratory Judgment Act, 28 U.S.C. §§2201 and 2202. This Court has jurisdiction pursuant to 28 U.S.C. § 1331. Plaintiff's cause of action is based upon, and seeks judicial interpretation of, 15 U.S.C. § 1681 et seq., including but not limited to § 1681c, which is given express preemptive effect by § 1681t (b)(E) as they relate to Texas' attempt to limit consumer report content governed by the FCRA.

4.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred within this District. In addition, Defendant resides in this District.  See 28 U.S.C. § 1391(b)(i).

## III.     FACTUAL BACKGROUND

5.     This action seeks to prevent the State of Texas ("Texas") from undermining the accuracy, integrity, and reliability of consumer report information that is essential to the "needs of commerce" and the "efficiency of the banking system" throughout the United States. See, 15 U.S.C. § 1681. This harm is threatened by the imminent enforcement of the recently enacted amendment to Tex. Bus. & Com. Code Chapter 20, Tex. Bus. & Com. Code § 20.05(a) (5), that is clearly preempted by the FCRA.

---

[2] https://www.govinfo.gov/content/pkg/USCODE-2010-title15/html/USCODE-2010-title15-chap41-subchapIII-sec1681c.htm
[3] https://www.govinfo.gov/content/pkg/USCODE-2011-title15/html/USCODE-2011-title15-chap41-subchapIII-sec1681t.htm

### A. TEXAS SENATE BILL 1307

6. Senate Bill 1037, captioned "Relating to Limitations on the Information Reported by Consumer Reporting Agencies," was signed into law by the Texas Governor on May 31, 2019. Senate Bill 1037 was effective immediately upon signing.

7. Senate Bill 1037 amended the Texas Fair Credit Reporting Act ("Texas FCRA") to add Tex. Bus. & Com. Code § 20.05(a)(5), which attempts to prohibit a CRA from preparing a consumer report containing information related to a medical collection account, specifically:

> … [a] collection account with a medical industry code, if the consumer was covered by a health benefit plan at the time of the event giving rise to the collection and the collection is for an outstanding balance, after copayments, deductibles, and coinsurance, owed to an emergency care provider or a facility-based provider for an out-of-network benefit claim…[4]

Tex. Bus. & Com. Code § 20.05(a)(5).

### B. FCRA PROVISIONS AND FEDERAL PREEMPTION

8. When enacting the Fair Credit Reporting Act, the U.S. Congress found that:

(1) The banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system.

(2) An elaborate system has developed for investigating and evaluating the credit worthiness, credit standing, credit capacity, character, and general reputation of consumers.

(3) Consumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers.

(4) There is a need to ensure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy.

15 U.S.C. § 1681(a).

---

[4] Texas Business & Commerce Code § 20.05(a) (5).

9. Congress also made clear that purpose of the FCRA is to:

> [R]equire that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information….

15 U.S.C. § 1681(b).

10. In order to meet the FCRA goals, Congress required that the accuracy and integrity of consumer report information be subject to a uniform, national standard. It prohibited states from interfering in those aspects of consumer reporting that are fundamental to the national uniformity of the system. See, gen., 15 U.S.C.§ 1681t. The statute thus sets out express limits on the impact of state law regarding consumer reports, including the information contained in consumer reports. The FCRA, at § 1681t, in pertinent part, specifically prohibits states from attempting to regulate the content of consumer reports as follows:

> (b) General exceptions
>
> No requirement or prohibition may be imposed under the laws of any State:
>
> (1) with respect to any subject matter regulated under
>
> * * *
>
> (E) **section 1681c of this title, relating to information contained in consumer reports,** except that this subparagraph shall not apply to any State law in effect on September 30, 1996.

15 U.S.C. § 1681t(b)(1)(E) (emphasis added). Thus, any state law that attempts to regulate the content of consumer reports is preempted under the FCRA (unless it was in effect on September 30, 1996).

11. The new Texas law attempts to regulate the content of consumer reports. Tex. Bus. & Com. Code § 20.05(a)(5), added by SB 1037, in pertinent part, prohibits the following:

SECTION 1.  Section 20.05, Business & Commerce Code, is amended by amending Subsection (a) and adding Subsection (d) to read as follows:

(a) Except as provided by Subsection (b), a consumer reporting agency may not furnish a consumer report containing information related to:

\*\*\*

(5)  a collection account with a medical industry code, if the consumer was covered by a health benefit plan at the time of the event giving rise to the collection and the collection is for an outstanding balance, after copayments, deductibles, and coinsurance, owed to an emergency care provider or a facility-based provider for an out-of-network benefit claim; or

(6)  another item or event that predates the consumer report by more than seven years.

(d) In this section:

(1)  "Emergency care provider" means a physician, health care practitioner, facility, or other health care provider who provides emergency care.

(2)  "Facility" has the meaning assigned by Section 324.001, Health and Safety Code.

(3)  "Facility-based provider" means a physician, health care practitioner, or other health care provider who provides health care or medical services to patients of a facility.

(4)  "Health care practitioner" means an individual who is licensed to provide health care services.

*See* S.B. 1037, enrolled text.[5]  This attempt at regulation of consumer report content is expressly prohibited by the FCRA.

12. In fact, section 1681c(a)(6) of the FCRA specifically permits the inclusion of information relating to medical accounts so long as certain enumerated information is excluded from the report.

---

[5] https://capitol.texas.gov/tlodocs/86R/billtext/pdf/SB01037F.pdf#navpanes=0.  Underlined language indicates language added in 2019 by S.B. 1037 to the existing statute

4847-2817-6035.1

### IV.     TEX. BUS. & COM. CODE § 20.05(A)(5) IS PREEMPTED BY FEDERAL LAW

#### Count I: Declaratory Judgment

**TEX. BUS. & COM. CODE § 20.05(A)(5)
VIOLATES THE FCRA, 15 U.S.C. § 1681t(B)(1)(E).**

13.     CDIA restates and realleges the foregoing paragraphs of this Complaint as though fully set forth herein.

14.     Pursuant to the Declaratory Judgments Act, 28 U.S.C. §§ 2201(a) and 2202, Plaintiff requests that the Court enter a judgment construing the FCRA, 15 U.S.C. § 1681c, § 1681t, and Tex. Bus. & Com. Code § 20.05(a)(5) and declaring and clarifying the rights and obligations of the parties under those statutes.

15.     Plaintiff CDIA and Defendant State of Texas have fundamental disagreements regarding the interpretation and application of 15 U.S.C. § 1681c, § 1681t, and Tex. Bus. & Com. Code § 20.05(a)(5). A declaration from this court would resolve this controversy and provide the parties with certainty regarding their legal rights and obligations related to the accurate and uniform reporting of medical collection accounts.

16.     Plaintiff CDIA thus asks that the Court declare the following:

a.     That what medical collection account information may be included in a consumer report is a subject governed by 15 U.S.C. § 1681 *et seq.*;

b.     That Tex. Bus. & Com. Code § 20.05(a)(5) is an attempt to regulate the content of consumer reports;

c.     That Tex. Bus. & Com. Code § 20.05(a)(5) is preempted by the FCRA pursuant to 15 U.S.C. § 1681t(b)(1)(E);

    d.    That Tex. Bus. & Com. Code § 20.05(a)(5) impermissibly requires CDIA's member CRAs to reject all medical collection reporting in a broad class of medical services, (a subject matter that is governed by the FCRA) in order to comply with Texas law; and

    e.    That the inability of CRAs to report the broad class of medical collection reporting prohibited by Tex. Bus. & Com. Code § 20.05(a)(5) will harm CDIA's member CRAs by impeding the uniformity and accuracy of consumer reports relied on by their customers for credit underwriting and other legitimate purposes.

17.    The interests CDIA seeks to protect in this action are central to CDIA's mission. CDIA's members will suffer immediate and irreparable harm if they are forced to even temporarily comply with a Texas state law that is preempted by the FCRA. The Court's favorable determination concerning the federal preemption and injunctive relief issues presented in this Complaint will prevent this harm.

18.    Because Tex. Bus. & Com. Code § 20.05(a)(5) attempts to exclude otherwise reportable information from being included in consumer reports where the FCRA expressly permits the inclusion of such information, it is expressly preempted by federal law.

19.    Because CDIA's member CRAs are subject to the prohibition set forth in Tex. Bus. & Com. Code § 20.05(a)(5), there is an actual controversy over which this Court has jurisdiction to award declaratory and injunctive relief under 28 U.S.C. §§ 2201 *et seq*.

### Count II:  Preliminary & Permanent Injunctive Relief

20.    CDIA restates and realleges the foregoing paragraphs of this Complaint as though fully set forth herein.

4847-2817-6035.1

21.     CDIA and its members are entitled to the entry of injunctive relief, including a preliminary injunction and, following trial, a permanent injunction, prohibiting Tex. Bus. & Com. Code § 20.05(a)(5) from being enforced because it is expressly preempted by 15 U.S.C. § 1681t(b)(1)(E).  FRCP 65.

22.     Plaintiff hereby incorporates the allegations set forth above, all of which are fully re-alleged here.

23.     Injunctive relief is appropriate if Plaintiff shows:

(1)  a substantial likelihood of success on the merits;

(2)  a substantial threat of irreparable injury;

(3)  outweighing any damage caused to the defendant; and

(4)  no harm to the public interest.

*Janvey v. Aguirre*, 647 F.3d 585, 595 (5th Cir. 2011). The analysis involves a "sliding scale …which takes into account the intensity of each [factor] in a given calculus." *Texas v. Seatrain Int'l. S.A.*, 518 F.2d 175, 180 (5th Cir. 1975). "[T]he purpose of a preliminary injunction is always to prevent irreparable injury so as to preserve the court's ability to render a meaningful decision on the merits." *Meis v. Sanitas Serv. Corp.*, 511 F.2d 655, 656 (5th Cir. 1975).

24.     As set forth above, Plaintiff is likely to succeed on the merits, because the plain text of the FCRA, including but not limited to §§1681c and 1681t, control and limit the effect of state law on restricting the reporting of medical collection accounts in a manner that preempts Texas' right to regulate consumer reports in Tex. Bus. & Com. Code § 20.05(a)(5).

25.     In general, a harm is irreparable where there is no adequate remedy at law, such as monetary damages." *Janvey v. Alguire*, 647 F.3d 585, 600 (5th Cir. 2011). However, the availability of some economic damages does not always mean that a remedy at law is adequate.

For example, courts have found irreparable harm when redress may be obtained only by pursuing multiple actions, or when a meaningful decision on the merits would be impossible without an injunction. Id. "The absence of an available remedy by which the movant can later recover monetary damages . . . may also be sufficient to show irreparable injury." *Enterprise Intern. Inc. v. Corporation Estatal Petrolera Ecuatoriana*, 762 F. 2d 464, 473 (5th Cir. 1985); see also *California Pharmacists Ass'n v. Maxwell-Jolly*, 563 F.3d 847 (9th Cir. 2009) (holding that plaintiffs established irreparable harm because they could obtain no remedy against the state because of sovereign immunity). Additionally, "although monetary damages normally are insufficient to establish irreparable injury, they may be sufficient to establish irreparable injury if the economic damages are especially difficult to ascertain." *AT&T Communications of the Southwest, Inc. v. City of Austin*, 975 F. Supp. 928, 942 (W.D. Tex. 1997) (Sparks, J.) vacated as moot 235 F.3d 241 (5th Cir. 2000); see also *Heil Trailer Int'l Co. v. Kula*, 542 F. App'x 329, 335 (5th Cir. 2103) (unpub.) ("An irreparable injury is one that cannot be undone by monetary damages or one for which monetary damages would be 'especially difficult to calculate.'").

26. There is a substantial likelihood of irreparable harm to Plaintiff's member consumer reporting agencies because the prohibitions in Tex. Bus. & Com. Code § 20.05(a)(5) will harm CDIA's member CRAs by impeding their ability to report accurate and predictive data relied on by their customers for credit underwriting and other legitimate purposes. Creditors' inability to accurately assess credit risk will result in increased delinquencies and potentially increase the price, and decrease the availability, of consumer credit.

27. Further, Plaintiff's members have a substantial threat of irreparable injury resulting from administrative enforcement of the law, as well as defending themselves against private rights of action (permitted by Texas law) where their defenses will be the preemptive effect of the FCRA.

4847-2817-6035.1

Tex. Bus. & Com. Code § 20.05(a)(5) could result in consumer reporting agencies being subject to the costs, fines and penalties set forth in the statute including, but not limited to, treble damages and certain attorney fees, a $1,000 per day additional fine in some circumstances, attorney general injunctive relief and a civil penalty of $2,000 per violation (each day is counted as a separate violation) plus attorney general expenses, court costs, investigative costs and attorney fees. See Tex. Bus. & Com. Code §§ 20.09 – 20.11.  Therefore, injunctive relief is appropriate herein.

28. The substantial threat of irreparable injury to Plaintiff and its members outweighs any damage caused to the Defendant.

29. The granting of the relief sought by Plaintiff will not result in any harm to the public interest.  Quite the contrary; it will further the public interest and the purposes of the FCRA including, but limited to, the Congressional requirement that the accuracy and integrity of consumer report information be subject to a uniform, national standard and, in addition, the prohibition upon states from interfering in those aspects of consumer reporting that are fundamental to the national uniformity of the system.

## CONDITIONS PRECEDENT

30. All conditions precedent for Plaintiff to recover in this action have been performed or have occurred.

## PRAYER FOR RELIEF

31. WHEREFORE, PREMISES CONSIDERED, PLAINTIFF CDIA prays that the Defendant be cited to appear and answer herein, that a preliminary injunction issue, and, that upon final hearing, this Court enter declaratory judgment and issue permanent injunctive relief as described above to preserve the uniformity and accuracy of consumer credit reports as required by the FCRA.  Plaintiff CDIA thus asks that the Court declare the following:

4847-2817-6035.1

a. That what medical collection account information may be included in a consumer report is a subject governed by 15 U.S.C. § 1681 *et seq.*;

b. That Tex. Bus. & Com. Code § 20.05(a)(5) is an attempt to regulate the content of consumer reports;

c. That Tex. Bus. & Com. Code § 20.05(a)(5) is preempted by the FCRA pursuant to 15 U.S.C. § 1681t(b)(1)(E);

d. That Tex. Bus. & Com. Code § 20.05(a)(5) impermissibly requires CDIA's member CRAs to reject all medical collection reporting in a broad class of medical services, (a subject matter that is governed by the FCRA) in order to comply with Texas law; and

e. That the inability of CRAs to report the broad class of medical collection reporting prohibited by Tex. Bus. & Com. Code § 20.05(a)(5) will harm CDIA's member CRAs by impeding the uniformity and accuracy of consumer reports relied on by their customers for credit underwriting and other legitimate purposes.

32. Plaintiff further requests that the Court enter equitable and injunctive relief as is necessary and proper to give effect to such declaration and such other and further relief as the Court may deem just and proper.

September 9, 2019            Respectfully submitted,

                     */s/ Edward D. Burbach*
                     Edward D. ("Ed") Burbach
                     Texas State Bar No. 03355250
                     Phone: (512) 542-7070
                     eburbach@foley.com
                     Nanette K. Beaird
                     Texas State Bar No. 01949800
                     Phone:  (512) 542-7018
                     nbeaird@foley.com
                     Foley & Lardner LLP
                     3000 One American Center
                     600 Congress Avenue
                     Austin, TX 78701
                     Facsimile: (512) 542-7100

                     Rebecca E. Kuehn *(pro hac vice forthcoming)*
                     Hudson Cook LLP
                     1909 K Street NW
                     4th Floor
                     Washington, DC 20006
                     Phone: (202) 715-2008
                     Facsimile: (202) 223-6935
                     rkuehn@hudco.com

                     Attorneys for Plaintiff
                     Consumer Data Industry Association